### ARTHUR ROSSOMANDO, p.p.a.
vs.
### GEORGE H. ENNIS, ET ALS.

Superior Court     New Haven County     File #53897

MEMORANDUM FILED JUNE 21, 1938.

FitzGerald, Foote & FitzGerald, of New Haven, for the Plaintiff.

J. Howard Roberts, of Thomaston, for the Defendants.

McEVOY, J. The evidence shows that the defendant operator of the car was a careful driver who, under ordinary circumstances, would not be involved in a collision of this kind. It further shows that he was driving under particularly difficult circumstances on the evening when his car collided with the bicycle on which the minor plaintiff was riding. Under ordinary circumstances the collision would not have occurred. A careful consideration of all the evidence induces the conclusion that the proximate cause of the collision was due to the failure of the defendant to have windshield wipers which would clean not only the left side of the windshield where the defendant operator's vision would naturally be most relied upon, but also upon the right-hand side of the windshield. The plaintiff approached the defendant's car from

the defendant's right. The whole testimony would indicate that these vehicles arrived at this intersection at approximately the same time but that, just about as the defendant operator made the turn he accelerated the speed of the car, and due to the absence of the windshield wiper on the right side of the windshield, the defendant did not and, in fact, had very little opportunity to observe the presence of the minor plaintiff upon his bicycle.

Under all of the circumstances the issues are found for the plaintiff and, by virtue of the signed stipulation, also to include the damages sustained by the plaintiff's father.

In fairness to the defendant operator and the defendant owner it should be said, as a matter of record, that the evidence discloses that, after the unfortunate occurrence, these two people did everything possible to alleviate the injury occasioned to the minor plaintiff. There is no basis for the claim that they either attempted to avoid responsibility or that they in any way failed to cooperate or to render the best possible assistance under the circumstances.

Judgment may be rendered in favor of the plaintiff to recover of the defendants $250 and his costs.